**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANA CECILIA MATALLANA,**

        **Plaintiff,**

**-vs-**                                                      **Case No. 6:09-cv-0090-Orl-22GJK**

**MCDONALD'S CORPORATION,**

        **Defendant.**

# REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS COMPLAINT (Doc. No. 7)** |
| **FILED:** | **January 20, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND

    On January 13, 2009, Defendant McDonald's Corporation (the "Defendant") removed Plaintiff Ana Cecilia Matallan's (the "Plaintiff") complaint for unpaid overtime compensation pursuant to Section 448.01, Florida Statutes and 29 U.S.C. § 216(b), the Fair Labor Standards Act (the "FSLA") to the United States District Court for the Middle District of Florida. Doc. Nos. 1, 2. In her Complaint, Plaintiff alleges that she was an employee of the Defendant, that Defendant is a covered employer under Florida Statutes and the FSLA, and that Defendant failed to pay Plaintiff overtime wages during her employment. Doc. No. 2.

On January 20, 2009, the Defendant filed a Motion to Dismiss Complaint (the "Motion"). Doc. No. 7. In the Motion and pursuant to Rules 8(a) and 12(b)(6), Federal Rules of Civil Procedure, Defendants argue that the Complaint: 1) lacks specificity for unpaid overtime wages sought; and 2) fails to state a cause of action. *Id.*

## II.     STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir.2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

### III. ANALYSIS

Plaintiff clearly seeks payment for overtime wages she alleges Defendant failed to pay. While Plaintiff did not state her rate of compensation, the number of hours that she is requesting compensation for, and the exact time periods worked, she need not do so at this stage in the litigation. *See* Plaintiff's Answers to Court Interrogatories, Doc. No. 14. It is enough that Plaintiff has alleged that she was an employee of Defendant, that Defendant failed to properly compensate her for overtime worked, and that Defendant is subject to the FLSA and Florida Statute § 448.01. Accordingly, the undersigned recommends that Defendant's Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on March 2, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge

Counsel of Record

Unrepresented Parties